IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1080 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

CONTI, District Judge

*Introduction*

This is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying the claim of Linda L. Smith ("plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 423, *et seq*. Plaintiff contends that the decision of the administrative law judge (the "ALJ") that she is not disabled, and, therefore, not entitled to benefits, should be reversed because the decision is not supported by substantial evidence. Defendant asserts that the decision of the ALJ is supported by substantial evidence. The parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The court will deny the defendant's motion and grant the plaintiff's motion in part and deny the motion in part. The plaintiff's motion will be granted in part by reversing the decision of the ALJ. The court, however, on the record before the court cannot determine that plaintiff is disabled and will remand this case to the ALJ for further proceedings consistent with this opinion. The remand is

warranted because the ALJ erred in posing the hypothetical to the vocational expert ("VE") by not crediting plaintiff's testimony regarding the side effects of her medications, or in the alternative, because the ALJ did not fully develop the record with respect to plaintiff's medication and its side effects.

### *Procedural History*

Plaintiff filed the application at issue in this appeal on a protective basis on August 1, 2002, asserting a disability since March 22, 2002 by reason of multiple sclerosis and fibromyalgia. (R. at 57.) On October 17, 2002, she was denied benefits at the initial level (R. at 24) and then filed a request for a hearing. (R. at 28.) On December 19, 2003 a hearing was held before the ALJ. Plaintiff appeared at the hearing and testified. (Tr. at 215-41.) The VE also testified. (Id.) Plaintiff was not represented by an attorney at the hearing. In a decision dated January 8, 2004, the ALJ determined that plaintiff was not disabled and, therefore, not entitled to benefits. (R. at 14-21.) Plaintiff timely requested a review of that determination and by letter dated June 7, 2004 the Appeals Council denied the request for review. (R. at 4-6.) Plaintiff subsequently commenced the present action seeking judicial review.

### *Legal Standard*

The Congress of the United States provides for judicial review of the Commissioner's denial of a claimant's benefits. 42 U.S.C. § 405(g). This court must determine whether there is substantial evidence which supports the findings of the Commissioner. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Ventura v. Shalala, 55 F. 3d 900, 901 (3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389 (1971)). This deferential standard has been

referred to as "less than a preponderance of evidence but more than a scintilla." <u>Burns v. Burnhart</u>, 312 F. 3d 113, 118 (3d Cir. 2003). This standard, however, does not permit the court to substitute its own conclusions for that of the fact-finder. <u>Id.</u>; <u>Fargnoli v. Massonari</u>, 247 F.3d 34, 38 (3d Cir. 2001)(reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless of whether the court would have differently decided the factual inquiry).

### *Background*

Plaintiff was 46 years old at the time of the hearing before the ALJ. (R. at 219.) She has a high school equivalency education. (R. at 14, 220.) Plaintiff is a widow and lives with her son. (R. at 220.) Her past work experience includes working as a custodian and a teacher's aid. (R. at 227-28).

Plaintiff was diagnosed with multiple sclerosis. (R. at 178.) On August 22, 2002 Philip A. Adelman, M.D., in a letter to Mary-Anne Ost, M.D., advised Dr. Ost that plaintiff was seen by Dr. Adelman on that day. He noted that plaintiff "has yet to initiate Avonex." (<u>Id.</u>) He noted: "Her only medication now is Naprosyn bid." (<u>Id.</u>) His impression was:

> [Plaintiff] has relapsing remitting multiple sclerosis. I would like her to begin disease modifying therapy though there are some complicating issues with respect to insurance and finances. She may be able to obtain Avonex on a compassionate use basis and I will try contacting the company on her behalf in this regard. She will be seen in monthly follow-up.

(<u>Id.</u>) There are no medical records from Dr. Adelman in the record after August 22, 2002. Prior to that last reported visit with Dr. Adelman, plaintiff was seen on June 24, 2002 at Ost Family

Practice Associates, Ltd.  The notes from that visit, among other things included: "still in pain – with Dr. Adelman . . . Depression/[fibromyalgia] . . . ." (R. at 157.)

Plaintiff was advised by the ALJ at the hearing held on December 19, 2003 of her right to be represented by counsel (R. at 217) and the ALJ offered to continue the hearing to allow her to obtain counsel.  (Id.)  The ALJ stated:

> I also have to advise you that you have the right to be represented at this hearing, and I can give you the opportunity [sic] reschedule the hearing and give you the time to get a representative if that's what you wish.  What is your option?

(Id.)  Plaintiff responded to that question: "No, I'm okay."  (Id.)

At the time of the hearing plaintiff reported that her medications included Naprosyn, 550mg two times per day for pain and inflammation, and Avonex, one shot once a week.  (R. at 72, 224-25.)  At the hearing the following colloquy occurred between the ALJ and plaintiff:

| | |
|---|---|
| ALJ: | Do you have any side effects from the prescribed medication? |
| Plaintiff: | You get like flu-like symptoms from the shot. |
| ALJ: | So you get those? |
| Plaintiff | Yeah.  The first two days are rough.  It is just like I drag.  It's like – I get black and blue from where I take the injection. |

(R. at 226.)  When asked whether she takes naps, the plaintiff stated that she usually falls asleep when she lays down and that she lays down depending on the day and the weather sometimes once a day, sometimes twice a day.  (R. at 232.)

At the hearing the ALJ presented the following hypothetical to the VE:

> Assume that I find the claimant is 46 years old and has a GED grade education. Assume further that I find that she can work from sedentary work, but it is limited by the following. The first one would be to lift and carry no more than 10 pounds. The second, to bend, kneel, crouch, stoop, balance, climb, and walk on occasions. The third one to be exposed to temperature extremes. The fourth one, to be exposed to humidity. The fifth one, to push and pull limited in her upper and lower extremities.

(R. at 238-39.) The VE advised that there would be jobs in the national economy that would accommodate that hypothetical. (R. at 239.)

The ALJ found: "The medical evidence indicates that claimant has multiple sclerosis, fibromyalgia, low back pain, and right shoulder and right knee pain." She also found:

> The claimant does not require extensive pain medication for muscular skeletal problems, and basically uses Tylenol or Naprosyn for her pain complaints which help, according to her testimony. She has alleged flu-like symptoms as a result of the medication Avonex which she uses for her multiple sclerosis, but again there is no clinical confirmation that this is the case.

(R. at 17-18.)

## *Discussion*

Under Title XVI of the SSA, a disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). Similarly, a person is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c (a)(3)(B).

In order to make a disability determination under the SSA, a five-step sequential evaluation must be applied. 20 C.F.R. § 416.920. The evaluation consists of the following stages: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d. Cir. 2000). If the plaintiff fails to meet the burden of proving the requirements in the first four steps, the ALJ may find that the plaintiff is not disabled. Burns v. Burnhart, 312 F.3d at 119. The Commissioner is charged with the burden of proof with respect to the fifth step in the evaluation process. Id.

In the instant case, the ALJ found: (1) plaintiff has not engaged in substantial gainful activity since the alleged onset of disability on March 22, 2002; (2) plaintiff suffers from multiple sclerosis, fibromyalgia, low back pain, right shoulder pain and right knee pain, which are severe; (3) these impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) plaintiff cannot return to any past relevant work; and (5) there were jobs in the national economy that plaintiff could perform. (R. at 20.)

Plaintiff argues that the case should be reversed and a determination of disability found by this court because the ALJ erred (1) in not fully developing the record;( 2) in not considering all of plaintiff's impairments in steps two, three and five and with respect to step five specifically

failed, among other things, to include results of her impairments in the hypothetical posed to the VE; (3) in determining that the claimant did not fulfill the requirements for a listed impairment; (4) in finding that the claimant did not have a combination of impairments that equaled a listing; (5) in finding that there were significant number of jobs in the national economy which the plaintiff could perform; and (6) in failing to make proper credibility findings with respect to plaintiff's testimony. Defendant disputes that the ALJ erred and asserts that the decision of the ALJ should be affirmed because it is supported by substantial evidence of record. Because the court finds merit in plaintiff's arguments that the ALJ failed to include all of plaintiff's impairments – specifically the side effects of her medication – in the hypothetical proposed to the VE, or in the alternative, did not develop the record sufficiently to determine the side effects, the matter must be remanded to the ALJ and the court need not consider the other arguments.

First, the court must take into consideration that plaintiff was not represented by counsel at the hearing before the ALJ. Being unrepresented by counsel at a hearing does not justify a remand so long as the plaintiff had notice that she had a right to representation and was alert, responsive and fully competent to present her facts. See Jeralds v. Richardson, 445 F.2d 36, 39 (7th Cir. 1971). When notice has been given and a claimant chooses not to have counsel, the issue is whether there has been a full and fair hearing. See Branch v. Finch, 313 F.Supp. 337 (D. Kan. 1970). While the lack of counsel alone is not sufficient to warrant a remand, if there is a showing of clear prejudice or unfairness at the agency level proceedings, a remand may be warranted. See Demozik v. Cohen, 413 F.2d 5 (3d Cir. 1969).

If the administrative law judge does not fully inquire into the matter at issue and receive all evidence offered, an unrepresented claimant may be found to have been denied a full and fair

hearing.  See Grimes v. Sec'y of Health, Educ. and Welfare, 433 F.Supp. 1063 (E.D. Pa. 1977) (citing Hess v. Sec'y of HEW, 497 F.2d 837, 840 n.4 (3d Cir. 1974)).  When a plaintiff is unrepresented the administrative law judge must fully develop the evidence and carefully weigh it.  See Donato v. Sec'y of Dept. of Health and Human Services, 721 F.2d 414 (2d Cir. 1983).  An administrative law judge's duty to develop fully the record "exists even when the claimant is represented by counsel . . . although the duty is heightened when the claimant is unrepresented."  Schwartz v. Halter, 134 F.Supp.2d 640, 656 (E.D. Pa. 2001).

Plaintiff advised the ALJ that she suffered flu-like symptoms once a week as a result of taking the drug prescribed for treatment of her multiple sclerosis, i.e., Avonex.[1]  The ALJ incorrectly noted that there was no clinical confirmation of flu-like symptoms.  With the reported most common adverse reactions for injecting Avonex being flu-like symptoms as well as fever, fatigue, nausea and vomiting, it was incumbent on the ALJ to either credit plaintiff's testimony and include those limitations in the hypothetical posed to the VE or to develop more fully the record.  See SSR 96-7p, 1996 WL 374186 *3 (S.S.A.) (when additional information is needed, the administrative law judge must "make every reasonable effort to obtain available information" including "[t]he . . . side effects of any medication the individual takes").

The ALJ had no reason to discredit plaintiff's testimony regarding the flu-like symptoms by referring to those symptoms as being "alleged."  Those side effects are common for persons injecting Avonex.  See supra note 1.  In addition, Dr. Adelman noted that he wanted plaintiff to

---

[1] Avonex is a brand name for interferon beta-1A.  Physicians' Desk Reference 951 (59th ed. 2005).  The adverse side effects of Avonex include depression and the adverse reactions "most commonly reported in patients associated with the use of AVONEX® were flu-like and other symptoms occurring within hours to days following an injection.  Symptoms can include myalgia, fever, fatigue, headaches, chills, nausea, and vomiting."  Id. at 954.

take the Avonex, which is supportive of her position that she was taking Avonex at the time of the hearing.  Under those circumstances the evidence of record does not support the ALJ's determination that plaintiff's flu-like symptoms were merely "alleged," which is an implication that plaintiff's testimony regarding those symptoms was not credible.

When an administrative law judge poses a hypothetical to a vocational expert, the hypothetical must include all of the plaintiff's impairments that are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  If the hypothetical does not include all of the plaintiff's impairments, then the hypothetical is deficient and the vocational expert's response cannot be considered substantial evidence.  Further, a deficient hypothetical necessitates the court remand the case to the Commissioner for further proceedings.  Burns v. Barnhart, 312 F.3d at 118-19.  Here, since the adverse side effects of plaintiff's medication Avonex were not included in the hypothetical, the hypothetical was flawed and the case must be remanded.

The ALJ did not fully develop the record relating to plaintiff's medication and the side effects of those medicines.  That failure is an alternative basis for remand.  In this case the medical records with respect to plaintiff's multiple sclerosis were not updated from August 2002 during which time plaintiff began taking Avonex.  At a minimum the administrative law judge should have ascertained whether or not there were additional medical records relating to plaintiff's multiple sclerosis and medications for that condition.  Plaintiff's complaints of flu-like symptoms and needing to lie down once or twice a day were consistent with the side effects of Avonex, which include fatigue.  One of the other side effects of Avonex is depression and there is some reflection in the record of plaintiff's depressed state.  (R. 157-158, 189.)   The ALJ,

however, did not develop the record with regard to whether plaintiff had any limitations from depression.

The ALJ on remand should develop the record to explore whether there are any limitations that need to be included in the hypothetical relating to plaintiff's flu-like symptoms, depression and any other side effects of plaintiff's medications. On remand the ALJ should determine whether plaintiff's use of Avonex or any other medications and the side effects of the medication affect plaintiff's ability to perform jobs in the national economy.

*Conclusion*

Based upon the evidence of record, the parties' arguments and supporting documents filed in support and opposition thereto, this court concludes that there is not substantial evidence in the record to support the ALJ's findings. The decision of the ALJ denying plaintiff's application for DIB is remanded for further proceedings consistent with this opinion.

Therefore, plaintiff's motion for summary judgment (Docket No. 7) is **GRANTED in part** and **DENIED in part**, and defendant's motion for summary judgment (Docket No. 11) is **DENIED**.

**IT IS ORDERED AND ADJUDGED** that this case shall be remanded to the Commissioner for further proceedings consistent with this opinion.

      The clerk shall mark this case as closed.

                                                 By the court:

                                                 <u>/s/ Joy Flowers Conti</u>
                                                 Joy Flowers Conti
                                                 United States District Judge

Dated: September 30, 2005

cc: counsel of record